# IN THE SUPREME COURT OF THE STATE OF DELAWARE

PIVOTAL PAYMENTS DIRECT
CORP.,

       Plaintiff Below,
       Appellant,

       v.

PLANET PAYMENT, INC.,

       Defendant Below,
       Appellee.

§
§
§ No. 23, 2021
§
§ Court Below—Superior Court
§ of the State of Delaware
§
§ C.A. No. N15C-02-059 EMD
§ CCLD
§
§
§

Submitted: January 21, 2021
Decided: February 23, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1) The appellant, Pivotal Payments Direct Corp. ("Pivotal"), has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's decision dated November 30, 2020, which granted in part and denied in part a motion for partial summary judgment filed by the appellee, Planet Payment, Inc. ("Planet"). Pivotal is a Canadian company that offers credit and debit card payment processing services to merchants in Canada. Planet is a Delaware corporation with its principal place of business in New York that provides international payment processing and multi-currency processing services to

merchant service providers, such as Pivotal. In the litigation in the Superior Court, Pivotal claims that Planet fraudulently induced Pivotal into entering a Multi-Currency Processing Agreement ("MCPA") and then breached the MCPA.

(2) Planet moved for summary judgment. The Superior Court granted the motion with respect to the fraudulent inducement claims.[1] First, it held that the claims were barred by the three-year statute of limitations because Pivotal was aware of the basis of its claims by 2010 but did not file the action until February 6, 2015; the claims were not tolled; and quasi-estoppel and equitable-estoppel principles did not bar Planet from asserting the statute of limitations. Second, the court held that Planet was also entitled to summary judgment on the fraudulent inducement claims because Pivotal had not incurred damages that are recoverable under New York law. When resolving Planet's motion to dismiss in 2015, the Superior Court had determined that New York law applied to Pivotal's fraudulent inducement claims.[2] In granting summary judgment, the court held that its earlier decision that New York law applied was the law of the case and was not clearly wrong.[3]

---

[1] *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2020 WL 7028597, at *4-8 (Del. Super. Ct. Nov. 30, 2020).

[2] *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2015 WL 11120934, at *5 (Del. Super. Ct. Dec. 29, 2015).

[3] *Pivotal Payments*, 2020 WL 7028597, at *6-7. The court also noted that "Pivotal argued that New York substantive law applied to its fraudulent inducement claims at the motion to dismiss [stage], despite now arguing that Delaware substantive law applies." *Id.* at *6 n.70.

2

(3)    The Superior Court denied the motion for summary judgment on the breach of contract claims.  It held that there were genuine issues of material fact regarding what a reasonable amount of time for performance under the MCPA was, and the court therefore could not determine as a matter of law whether the claims were timely.[4]

(4)    The Superior Court denied Pivotal's application for certification of an interlocutory appeal.[5]  The court rejected Pivotal's argument that its application of New York law conflicted with other decisions of the trial courts[6] regarding choice-of-law provisions.  The court found no conflict between the cases because (i) its decision that New York law applied was the law of the case, and the decisions on which Pivotal relied did not address choice of law in the context of the law of the case doctrine, and (ii) the court had applied the same choice-of-law analysis as applied in the other decisions, and Pivotal was "actually arguing that the Court misinterpreted the facts of this case."[7]  The court also rejected Pivotal's contention that interlocutory review would serve considerations of justice[8] because "Pivotal's argument that New York law does not apply to the Fraudulent Inducement Claims does not require urgent litigation, especially considering that the Court previously

---

[4] *Id.* at *8.

[5] *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2021 WL 164930 (Del. Super. Ct. Jan. 19, 2021).

[6] DEL. SUPR. CT. R. 42(b)(iii)(B).

[7] *Pivotal Payments*, 2021 WL 164930, at *4.

[8] DEL. SUPR. CT. R. 42(b)(iii)(H).

3

addressed the issue in 2015" and because "Pivotal will face no additional hardship if it must wait for final judgment to appeal."[9]

(5)　　We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[10]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[11] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[12]  Moreover, Pivotal has not identified conflicting decisions of the trial courts on the legal issues presented; if the Superior Court erred in its application of the law to the facts of this case, then that error can be remedied on appeal from a final judgment.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[9] *Pivotal Payments*, 2021 WL 164930, at *5.
[10] DEL. SUPR. CT. R. 42(d)(v).
[11] *Id.* R. 42(b)(ii).
[12] *Id.* R. 42(b)(iii).

4